# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1010V
### Filed: April 21, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ELIZABETH SCHANDEL, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* SPU; Pending Civil Action; |
| | \* Influenza Vaccine; Rotator Cuff Tear |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Damon Hagan, Esq., Mayer, Ross, & Hagan, PC, Patchogue, NY, for petitioner.
Ann Martin, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION[1]

**Vowell,** Chief Special Master:

On October 17, 2014, petitioner filed a claim for compensation pursuant to the National Vaccine Injury Compensation Program ["Vaccine Program" or "the Program"].[2] Petitioner alleges that she suffered a rotator cuff tear that was caused-in-fact by her influenza ("flu") vaccination administered on October 20, 2011. Petition at ¶10.

The parties filed a joint status report ["JSR"] on April 10, 2015. The parties agree that for purposes of §11(a)(2)(B) petitioner's New York State claim was dismissed on February 23, 2015. JSR at ¶ 3. As such, the parties agree that petitioner's civil action was still pending when this claim was filed on October 17, 2014. JSR at ¶4.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program ["Vaccine Program" or "the Program"] is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. § 300aa-10 et seq. (2006) ["Vaccine Act" or "the Act"]. All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Accordingly, the parties further agree that this claim "was not properly filed" under the Vaccine Act and "must be dismissed without prejudice." JSR at ¶4. I concur. §11(a)(5)(B).

If petitioner refiles her claim under the Vaccine Act within one year of the dismissal of her civil action in New York State the filing date of her New York State action will be considered the filing date of her Vaccine Act petition. §11(a)(2)(B).

**Thus, this claim is dismissed without prejudice. The clerk is directed to enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master